UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTIN ANDRADE, as Trustee for The Paul H. Stavig Family Revocable 1976 Trust, fka The Paul and Lorraine Stavig Revocable Living Trust, dated February 11, 1976,<br><br>Plaintiff,<br><br>v.<br><br>BARRY ANTON, individually, as Trustee for the Anton and Stavig Living Trust dated March 21, 2008, and as Personal Representative of the Estate of Maren Carol Stavig,<br><br>Defendant. | No. 2:18-cv-02711-JAM-AC<br><br>**ORDER DISMISSING SUIT FOR LACK OF STANDING AND DENYING AS MOOT DEFENDANT'S MOTION TO DISMISS** |

This case involves a dispute over whether a $250,000 check dated June 28, 2012 and delivered by Lorraine Stavig to her daughter Maren Stavig was intended as a gift to Maren or intended to be held by Maren, in trust, for the benefit of Rondi Stavig (Maren's sister) and Rosheen Ward-Nulph (Rondi's daughter). Lorraine, Maren, and Rondi are deceased.

Plaintiff Kristin Andrade ("Plaintiff") brings this suit, in her capacity as Trustee of The Paul H. Stavig Family Revocable 1976 Trust (the "Stavig Trust"), to recover the disputed $250,000

1

from Barry Anton ("Defendant"), the late-Maren Stavig's husband. First Amended Compl. ("FAC"), ECF No. 6. Defendant moves to dismiss. Mot., ECF No. 7.

For the reasons set forth below, this Court DISMISSES the suit for lack of standing and DENIES AS MOOT Defendant's motion.[1]

I. FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

In or around February 1976, Paul H. Stavig and Lorraine L. Stavig established the Paul H. Stavig Revocable 1976 Trust (As Restated March 13, 2008) as an estate planning device. FAC ¶ 5. Paul and Lorraine had five children who were all named as beneficiaries of the Stavig Trust: (1) Maren Carol Stavig, (2) Rondi Lynne Stavig, (3) Berit Stavig, (4) Kristin Andrade, and (5) Karli Holler. Id. ¶ 6.

On or around November 24, 2010, Paul Stavig passed away, leaving Lorraine Stavig as the trustee of the Stavig Trust. Id. ¶ 7. Maren Stavig was designated to be the successor trustee under the Stavig Trust once Lorraine became unable to serve in that capacity. Id. ¶ 8.

On or around June 27, 2012, in Nevada City, California, Lorraine allegedly transferred $250,000 to her daughter Maren, by way of check drawn from a Stavig Trust bank account. FAC ¶ 8. Maren allegedly deposited the $250,000 into a bank account the next day. Id. ¶ 9. Plaintiff alleges Lorraine provided the $250,000 to Maren with an express oral understanding that the funds were to be held in trust (the "Special Fund") for the

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for March 5, 2019.

2

benefit of Rondi Stavig and Rondi's daughter, Rosheen Ward-Nulph. Id. ¶ 9. Plaintiff alleges that at no time did Rondi Stavig or Rosheen Ward-Nulph receive any money from the Special Fund. Id. ¶ 22. On November 23, 2017, Rondi Stavig passed away. Id. ¶ 21.

On August 22, 2017, Maren Stavig passed away. FAC ¶ 16. At all relevant times Maren Stavig was married to Defendant Barry Anton. Id. ¶ 11. Mr. Anton, a resident of Washington, is the surviving spouse and Personal Representative of the Estate of Maren Carol Stavig. Id. ¶ 2.

On October 4, 2017, Lorraine Stavig passed away. FAC ¶ 19. Kristin Andrade, Lorraine's daughter, was subsequently appointed successor trustee of the Stavig Trust. Id. ¶ 20. Kristin Andrade is a resident of Nevada. Id. ¶ 1. In her role as trustee of the Stavig Trust, Kristin Andrade serves as the named plaintiff in this suit.

On June 26, 2018, Plaintiff made a demand to Defendant for the return of the $250,000 allegedly being held in the Special Fund. FAC ¶ 23. Plaintiff alleges that Defendant was aware of the Special Fund, its value, purpose, and beneficiaries: Defendant allegedly took part in several phone calls in which members of the Stavig family and a probate attorney discussed the Special Fund and received email correspondence highlighting its effect on disbursements under the terms of the Stavig Trust. Id. ¶¶ 12-14. Nevertheless, in response to Plaintiff's written demand, Defendant sent a letter to Plaintiff stating that the $250,000 had been a gift to Maren from her mother Lorraine and there was no evidence supporting the existence of the Special Fund. Id. ¶ 24. On August 27, 2018, Plaintiff made an

3

additional, immediate demand to Defendant for the return of the $250,000 and allegedly included documentary evidence to support the existence of the Special Fund. Id. ¶ 25. Plaintiff alleges that, as of December 10, 2018, Defendant had not returned to Plaintiff the $250,000 constituting the Special Fund. Id. ¶ 31.

On October 5, 2018, Plaintiff filed the Complaint against Defendant. Compl. ECF No. 1. Two months later, Plaintiff filed the operative First Amended Complaint, bringing causes of action for (1) constructive trust, (2) unjust enrichment, (3) declaratory relief, and (4) conversion. FAC, ECF No. 6.

Defendant moves to dismiss the FAC on the grounds of lack of personal jurisdiction and improper venue and, in the alternative, requests the case be transferred to the United States District Court for the Western District of Washington. Mot., ECF No. 7, at 3. Plaintiff opposes the motion. Opp'n, ECF No. 11.

## II. OPINION

"[S]tanding is an essential and unchanging part of the case-or-controversy requirement of Article III." Lujan v. Defs. of Wildlife, 504 U.S. 555, 560 (1992). Standing is therefore a "threshold question" in "determining the power of the court to entertain the suit." Warth v. Seldin, 422 U.S. 490, 498 (1975). Moreover, "federal courts are required sua sponte to examine jurisdictional issues such as standing." Bernhardt v. Cty. of Los Angeles, 279 F.3d 862, 868 (9th Cir. 2002) (internal quotation marks and citation omitted).

To establish standing, a "plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged

conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1547 (2016), as revised (May 24, 2016). At the pleading stage "[i]t is the responsibility of the complainant clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute and the exercise of the court's remedial powers." Warth, 422 U.S. at 518.

The roles of the individuals involved in this case and the remedy sought are keys to answering this threshold question of standing. The Plaintiff is Kristin Andrade, in her role as trustee of the Stavig Trust. As alleged in the FAC, Lorraine Stavig, as settlor, formed an oral trust (the Special Fund) with Maren Stavig as trustee, Rondi Stavig and Rosheen Ward-Nulph as beneficiaries, and $250,000 of Stavig Trust funds as the trust res. Plaintiff alleges that after the death of trustee Maren Stavig, Defendant Barry Anton misappropriated the Special Fund trust res, converting it to his own use. As a remedy, Plaintiff seeks a return, to the Stavig Trust, of the $250,000.

Taking the facts alleged in the FAC as true, Kristin Andrade, in her role as trustee of the Stavig Trust, lacks standing to bring this suit. There is a basic incongruity here between the alleged wrong—Defendant's misappropriation of $250,000 *from the Special Fund*—and the requested relief—returning the $250,000 *to the Stavig Trust*. There has been no injury to the Stavig Trust vis-à-vis Defendant's alleged actions; the injury in fact is to the Special Fund, and its beneficiaries. See Estate of Giraldin, 55 Cal. 4th 1058, 1076 (Cal. 2012); see also Restatement (Third) of Trusts § 94 (2012).

5

"As a general rule, the trustee is the real party in interest with standing to sue and defend on the trust's behalf . . . But a trust beneficiary can bring a proceeding against a trustee for breach of trust." Estate of Bowles, 169 Cal. App. 4th 684, 691 (2008). Assuming the Special Fund is a valid oral trust, Plaintiff Kristin Andrade is neither the trustee of the Special Fund (the injured trust) nor a beneficiary of the Special Fund. Moreover, a trustee of a first trust does not somehow acquire standing to pursue, for its benefit, claims of harm to a second trust simply because that first trust was the source of the res for the second trust. See Cal. Prob. Code § 17200 (authorizing "a trustee or beneficiary of a trust [to] petition the court . . . concerning the internal affairs of the trust or to determine the existence of the trust.").

Additionally, any potential duty owed to Lorraine Stavig as settlor of the Special Fund, assuming she retained some beneficial power or interest in the Special Fund, expired when she died. Estate of Giraldin, 55 Cal. 4th at 1075-76; see also Cal. Prob. Code § 15800.

Thus, Plaintiff Kristin Andrade, in her role as trustee of the Stavig Trust, lacks standing to bring this suit. Accordingly, this Court must dismiss Plaintiff's claims.

### III. ORDER

For the reasons set forth above, this suit is DISMISSED WITHOUT PREJUDICE. See Fleck & Assocs., Inc. v. City of Phoenix, 471 F.3d 1100, 1106-07 (9th Cir. 2006) (holding that dismissal for lack of standing should be without prejudice).

Because Plaintiff lacks standing, this Court need not resolve Defendant's Motion to Dismiss for want of personal jurisdiction and for improper venue. Fleck, 471 F.3d at 1102 ("Because [the plaintiff] lacked standing . . . the district court lacked subject matter jurisdiction and should have dismissed the complaint on that ground alone."). Defendant's Motion to Dismiss is therefore DENIED AS MOOT.

IT IS SO ORDERED.

Dated: April 19, 2019

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE